JOSE FLORES V. STATE

No. 31,326. January 27, 1960
Motion for Rehearing Overruled March 23, 1960

*Pete Tijerina,* and *John L. Campos* (On Appeal Only) San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is burglary; the punishment, 6 years.

The warehouse owned by the Pearl Beer Distributor for Karnes County was burglarized on a Saturday night and several cases of canned beer were stolen. Seven cases of 48 cans each were sold by appellant and two companions, Salinas and Springs, to Linnie Houston the next morning. The $15.00 paid for it was equally divided. The beer was delivered to the sheriff and returned to the owner.

Appellant and his two companions brought some canned beer to a cafe that night in a paper sack. It was put in the ice box or Frigidaire and was being consumed by those present when the owner appeared and ordered them to leave and take the beer with them.

The two companions of appellant testified as accomplice witnesses for the state. According to their testimony appellant was with them and participated in the breaking of the lock; the entry of the warehouse and the theft and disposition of the beer.

Appellant testified as a witness in his own behalf, admitting all of the material facts shown by the state's evidence except the breaking and entry of the warehouse and the taking of the beer therefrom.

Appellant's version was that he declined to accompany Salinas and Springs to the warehouse and warned them of the seriousness of the matter, but rejoined them after they had obtained the beer, and participated in the drinking and sale of it. He testified that his companions wanted him to sell the beer they said they had hidden for them, and he agreed, but told them "You are going to get in trouble and get me in trouble, but I need the money," and that one of them said "You can take it to Uncle Linnie" referring to Linnie Houston who "at one time was his stepfather."

On cross-examination appellant testified that he had served a term in the Michigan penitentiary under a two to ten year sentence for "possessing drugs," and was paroled.

The court's charge recognized Salinas and Springs as accomplice witnesses whose testimony required corroboration, but contained no reference to Linnie Houston or his complicity. There were no objections to the charge and no charges or instructions were requested.

Appellant contends that, in passing upon the sufficiency of the evidence, the testimony of Linnie Houston must be treated as that of an accomplice witness because he purchased the beer knowing it to have been stolen.

Appellant testified that he sold the beer to Houston; that he, together with Salinas and Springs, delivered it and each received $5.00.

Whether Houston knew the beer was stolen when he bought it was a question of fact it is not our province to decide. If, as appellant contends, Houston was an accomplice witness as a matter of law, his testimony was substantially the same as that of appellant.

We overrule the contention that there is insufficient corroboration of the testimony of the accomplice witnesses.

It is suggested that the testimony of the distributor who owned the warehouse and beer therein was not sufficient to show want of consent to the breaking and entry. He testified in part:

"Q. Mr. Dybowski, did you give anybody permission to go in your place? A. No.

"Q. And take that beer? A. No.

"Q. Did you give anybody permission to break your lock? A. No, sir.

"Q. Is there anybody out there at night at your warehouse? A. No, not when we close up in the evening.

"Q. You see that that warehouse is closed up every night and locked? A. Yes."

We find the evidence sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.